[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this civil action seeking treble damages pursuant to Public Act 91-378, Conn. Gen. Stat. § 3-12 (c) in that the defendant, City of Bristol, through its Zoning Enforcement Officer, George Huston, issued a citation to the plaintiff frivolously or without probable cause. Further, that the issuance of the citation was unlawful and thus an abuse of process for which damages are recoverable. See Public Act 91-398, Conn. Gen. Stat. § 8-12 (c).
The factual situation herein is as follows: The plaintiff is and was farming certain land owned by him and/or his family for many years. The defendant, George Huston, was the Zoning Enforcement Officer for the defendant City, and the defendant, Jon Fitzgerald, was the Hearing Citation Officer.
The defendant, Huston, as Zoning Enforcement Officer, served the plaintiff, Kerr, with a citation alleging violation of Bristol Zoning Regulations, Section V2 and 3, i.e., illegal use of property, illegal junk yard, illegal motor vehicle junk yard. Such a citation was authorized by Section 23-2 of Bristol Code of Ordinances.
The plaintiff appealed the citation and a hearing was held CT Page 11811 before the defendant, Jon Fitzgerald who upheld the citation. A further appeal by the plaintiff to the Superior Court was sustained with prejudice by that court by agreement of the parties.
The present action by the plaintiff was subsequently commenced.
The plaintiff essentially argues that he and his family had farmed the land herein involved for many years. That the farming operation was a non-conforming use and therefore exempted from the Bristol Zoning Regulations; and, that the citation issued by the defendant, Huston, was improper and the Superior Court ruled to that effect. That, because of the issuance of the citation by Huston, he, the plaintiff, was severely damaged. The defendants concede that the plaintiff's argument may very well be true, however, it also is required that the plaintiff show to the court that Huston issued the citation frivolously or without probable cause; further that Huston's issuance of the citation was unlawful and thus an abuse of process.
The court finds that no evidence has been presented to the court that the issuance of the citation was in any way frivolous or without probable cause.
Huston had received a complaint regarding storage of abandoned or junked motor vehicles on the plaintiff's land. He investigated and found what he considered to be numerous violations of the Zoning Ordinances. He notified the plaintiff by mail of this violations. He receive no response from the plaintiff nor was there any change in the conditions on the plaintiff's land. Huston then issued and had served the citation on the plaintiff. The plaintiff appealed the citation as permitted by the Ordinances. The defendant, Jon Fitzgerald, the Hearing Officer, heard and overruled the plaintiff's appeal. The plaintiff then appealed to the Superior Court. Here he was successful and his appeal was sustained.
The fact that the plaintiff's appeal was eventually successful does not in and of itself prove that the defendants, or one of them, issued the citation frivolously or without probable cause; or that there was an abuse of process in the issuance of the citation.
Huston, before issuing the citation investigated the condition of the plaintiff's property. He found there numerous cars inoperable and/or CT Page 11812 partially dismantled. He found various car parts around the property. Although farming may require much machinery equipment, it does not need inoperable motor vehicles to operate a farm. Further, there was no evidence that these abandoned vehicles were ever a part of the farming process.
Therefore, the court finds that the plaintiff has failed to prove the allegations of his complaint beyond a reasonable doubt and finds all the issues for the defendants.
Judgement is to issue accordingly, without costs to any of the parties.
Julius J. Kremski Judge Trial Referee